## Charles W. Frost *vs.* Grand Trunk Railroad Company.

If a railroad train is stopped, at night, merely for the purpose of allowing a train which is expected from the opposite direction to pass by, and no notice is given by the servants of the company to passengers that they may leave the cars, one who leaves the cars and walks into an open cattle-guard and receives a personal injury cannot maintain an action against the company to recover damages therefor; and it is immaterial that he was misinformed by some person not in the employment of the company that he must go and see to having his baggage passed at a custom-house, supposed to have been reached by the train, or that the train was near a passenger station, which was not the place of his destination.

TORT to recover damages for a personal injury sustained by the plaintiff by reason of stepping into an open culvert or cattle-guard, maintained by the defendants near a passenger station upon their railroad in Canada.

The following facts were agreed in the superior court: The plaintiff was a passenger upon a train of the defendants from Portland to Quebec. The train stopped near the Boundary Line Station in Canada, which was a regular passenger station, in a dark night, and was waiting for a train from the north to pass, and had been waiting for half an hour, and passengers had been walking about, out and in. The engine had passed about fifty feet beyond the station. There were no passengers to be received or discharged at that station, and the conductor did not

announce it. The plaintiff was told by some one, whom he took to be the conductor, that he must go and look to his baggage, in reference to having it pass the custom-house. This person was not the conductor, and the custom-house was at a station nine miles distant. The plaintiff passed through the car in advance of the one in which he had a seat, and got out on the side towards the station, crossed the track, walked some eight or ten steps towards the station, and fell into the cattle-guard, which extended across both tracks of the railroad, was open, not lighted, and with no provision made for crossing it. The only light outside was a lantern on the platform of the station, more than one hundred feet distant. The cattle-guard was not safe for pedestrians, and other accidents had happened there, of which the defendants had knowledge.

Upon these facts judgment was rendered for the defendants; and the plaintiff appealed to this court.

*J. Nickerson,* for the plaintiff.

*G. O. Shattuck,* for the defendants.

BIGELOW, C. J. The defendants do not appear to have been guilty of any breach of obligation or duty towards the plaintiff. The station in the vicinity of which the accident happened was not the one to which the plaintiff was destined and the defendants had agreed to carry him; they were not bound, therefore, to provide means for his safe egress from the cars and approach to the station; nor was the cattle-guard so near the place at which passengers might reasonably alight from the cars for any purpose as to impose on the defendants the duty of making it suitable and safe for persons to pass and repass over it. The facts show that it was more than one hundred feet distant from the platform of the building at the station. Nor does it appear that there was any act or thing done by the defendants' servants to induce the plaintiff to go to the place where he sustained injury. If there was any negligence or carelessness shown to exist at the time and place of the accident, it was on the part of the plaintiff, who, in a dark night, in a strange place, at a distance of several rods from a passenger station, and without sufficient reason or any inquiry of any person who could give

him needful information, alighted from the cars and walked to a place which was not intended for passengers, and which the defendants were not bound to keep in a safe and convenient condition for their use. *Judgment for the defendants.*